# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| CHAUNCEY SMITH, JR., and<br>SHERLY SMITH,<br><br>           Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>           Respondent. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | No. 19-723V<br>Special Master Christian J. Moran<br><br><br>Filed: January 17, 2020<br><br>Decision dismissing case;<br>failure to prosecute. |

* * * * * * * * * * * * * * * * * * * *

Chauncey Smith, Jr., and Sherly Smith, Miami Gardens, FL, pro se;
Heather L. Pearlman, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Chauncey Smith and Sherly Smith filed a civil cover sheet under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on May 6, 2019. The civil cover sheet did not contain any information regarding the type of vaccination or injury alleged, and there was no petition attached to the cover sheet.

### I. Procedural History

A detailed procedural history of this case can be found in the order to show cause, filed December 18, 2019. In that order, petitioners were instructed to show

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

cause as to why this case should not be dismissed by January 16, 2020. To date, petitioners have not responded.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, petitioners did not file any medical records. Accordingly, petitioners failed to demonstrate either that they suffered a "Table Injury" or that their injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

_____
Christian J. Moran
Special Master